IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| William Deans, | ) | C/A NO. 3:07-4005-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| John McGill, SCDMH; | ) | |
| Henry McMaster, of the State of S.C., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, alleging various defects relating to his civil commitment under the South Carolina Sexually Violent Predator Act ("SVPA" or "the Act"). *See* S .C. Code Ann. §§ 44-48-10, *et seq*. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On December 27, 2007, the Magistrate Judge issued a Report recommending that the complaint be dismissed for lack of subject matter jurisdiction. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on January 10, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The court declines to adopt the Report of the Magistrate Judge. Plaintiff's complaint is styled as an action "for an *Ex Parte Young* Hearing for Order to Show Cause Enjoining Respondent from Further Holding Petitioner Civilly Committed." (Dkt. # 1, filed Dec. 12, 2007). However, the substance of Plaintiff's "complaint" is that his civil commitment, under the SVPA, is flawed, and has, *inter alia*, violated his Due Process rights.

The Magistrate Judge construed this matter as an action for "appellate" review of state court proceedings. However, "[an individual's] label for his claim cannot be controlling . . . ." *Harvey v. Horan*, 278 F.3d 370, 378 (4th Cir. 2002). In order for a confined individual to challenge the fact or duration of his confinement (which Plaintiff clearly does), an individual must seek federal habeas corpus relief or the appropriate state relief instead. *Wilkerson v. Dotson*, 544 U.S. 74, 78 (2005). *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (habeas relief is available "to attack future confinement and obtain future releases.").

However, a recharacterization of Plaintiff's complaint as a petition for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254,[1] means that any subsequent § 2254 petition would be subject to the restrictions on "second or successive" petitions contained in 28 U.S.C. § 2244. Therefore, this court shall provide Plaintiff with an opportunity to either withdraw the complaint as it is currently presented or to amend it, submitted on a proper § 2254 form, so that it contains all the

---

[1] A petition for writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution of laws or treaties of the United States." 28 U.S.C. § 2254. A § 2254 petition is available to challenge a civil commitment as well. *See*, *e.g.*, *Laxton v. Bartow*, 421 F.3d 565 (7th Cir. 2005); *Brock v. Selig*, 390 F.3d 1088 (9th Cir. 2004).

§ 2254 claims he believes he has.[2]  Therefore, no later than **Friday, February 15, 2008**, Plaintiff shall either move to withdraw his complaint or amend his complaint on a proper § 2254 form.  The Clerk shall provide Plaintiff with a § 2254 form.  If Plaintiff decides to amend his complaint by presenting it in the form of a § 2254, this matter shall be recommitted to the Magistrate Judge for further proceedings.  If Plaintiff does not respond to this order, this complaint shall be dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 25, 2008

C:\Documents and Settings\Glp59\Local Settings\Temp\notesE1EF34\07-4005 Deans v. McGill e adopt rr dism lack sm juris direct file 2254.wpd

---

[2] Failure to provide Plaintiff this opportunity would preclude this complaint as being considered to have become a § 2254 motion for purposes of applying the law's "second or successive" restrictions to later-filed petitions.  *See Castro v. United States*, 540 U.S. 375 (2003) (requiring such notice for § 2255 motions).

3